UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHAWN JOSEPH, Ph. D., <br><br> Petitioner, <br><br> v. <br><br> NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA), and <br> CHARLES F. BOLDEN, Chief Administrator <br><br> Respondents. | Case No. 14-CV-00385 <br><br> **ORDER TO SHOW CAUSE** <br><br> [Re Docket No. 1] |

On January 27, 2014 petitioner Rhawn Joseph, Ph. D. ("Joseph"), filed a petition for writ of mandamus to compel the National Aeronautics and Space Administration ("NASA") to "closely photograph and thoroughly scientifically examine and investigate a putative biological organism" on the planet Mars identified by Joseph. Dkt. No. 1 (Petition), ¶ 1. Joseph identified the specimen through publically released photographs from the NASA Mars rover Opportunity. *Id.* ¶ 2. The court orders Joseph to show cause why his petition should be not dismissed for failure to state a claim and lack of standing.[1]

---

[1] These are only two of several likely problems with plaintiff's petition. The sovereign immunity doctrine, the political question doctrine, the court's power to order the specific relief requested, and others are not addressed here.

ORDER TO SHOW CAUSE
Case No. 14-CV-00385-RMW
LM

- 1 -

**A. Does the petition state a claim for relief?**

Federal Rule of Civil Procedure 81(b) abolished the writ of mandamus in district court practice. However, "[r]elief previously available through [a writ of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* The court will treat Joseph's petition as an action for injunctive relief in the nature of mandamus. *See Stehney v. Perry*, 907 F. Supp. 806, 819 n. 2 (D.N.J. 1995). "[R]elief in the nature of mandamus is available only to compel performance of a duty that is essentially ministerial" and is not available to compel discretionary acts of officers. Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3134 (2d ed.); *United States v. Walker*, 409 F.2d 477, 481 (9th Cir. 1969) ("Mandamus is proper only to command an official to perform a ministerial act.").

Here, Joseph requests that the court order NASA to "take 100 high resolution close-up in-focus photos" of the specimen he has identified; "take a minimum of 24 microscopic in-focus images" of the specimen; supply the images to the public; allow Joseph to "act as an observer at the rover command facility" and "appoint two NASA astrobiologists to the rover team"; credit Joseph with discovering the organism and allow him to appear as first author on the first six articles relating to the discovery. Petition at ¶¶ 26-31. These are clearly not ministerial duties of NASA. *Walker*, 409 F.2d at 481 ("An act is ministerial only if it is a positive command and so plainly prescribed as to be free from doubt."). Because Joseph has not requested relief in the nature of mandamus, and his petition does not state any cause of action other than mandamus, the court orders Joseph to show cause why his petition should not be dismissed for failure to state a claim.

**B. Does Joseph have standing to bring his complaint?**

"The doctrine of standing ... has both constitutional and prudential components." *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1313 (Fed.Cir.2005). Under Article III of the Constitution, the constitutional component of standing requires the following elements: (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To show that plaintiff has suffered an injury in fact, he must allege a concrete and personalized injury. *Valley Forge Christian College v*

1  *Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 482 (1982). Courts refrain "from adjudicating abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches." *Id.* at 475 (internal quotations, citation omitted).

Joseph's petition raises only a generalized grievance shared with many citizens. Joseph alleges that he is an astrobiologist and has published many papers in the field. Petition at ¶¶ 15-22. However, "standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge*, 454 U.S. at 486. The only injury Joseph alleges is NASA's failure to investigate a specimen depicted in images taken during a Mars rover mission. This is not an injury particular to Joseph.

Joseph also suggests that he has standing because he is a taxpayer. Petition at ¶23. Generally, taxpayer standing is only allowed "in a narrow range of Establishment Clause cases" because the Establishment Clause "is a specific limitation on exercise of the power to tax and spend." Wright & Miller, 13B Fed. Prac. & Proc. Juris. § 3531.10.1 (3d ed.). In addition to not alleging a violation of the Establishment Clause, Joseph does not appear to have alleged a violation of *any* specific federal law. *See* Petition at ¶ 25 (alleging NASA violated "a public, scientific, and statutory duty.").

Accordingly, it is ordered that Joseph show cause why his case should not be dismissed for failure to state a claim and/or for lack of standing. Joseph will file a response by April 4, 2014.

Dated: March 6, 2014

Ronald M. Whyte
United States District Judge

ORDER TO SHOW CAUSE
Case No. 14-CV-00385-RMW
LM

- 3 -