UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHAWN JOSEPH, Ph. D., | Case No. 14-CV-00385 |
| Petitioner, | |
| v. | **ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE** |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA), and CHARLES F. BOLDEN, Chief Administrator | [Re Docket No. 8] |
| Respondents. | |

On January 27, 2014 petitioner Rhawn Joseph, Ph. D. ("Joseph") filed a petition for writ of mandamus to compel the National Aeronautics and Space Administration ("NASA") to "closely photograph and thoroughly scientifically examine and investigate a putative biological organism" on the planet Mars identified by Joseph. Dkt. No. 1 (Petition), ¶ 1. On March 6, 2014 the court issued an Order to Show Cause why Joseph's petition should be not dismissed for failure to state a claim and lack of standing. In response, Joseph filed "Plaintiff's Amended Complaint" seeking damages and injunctive relief for various torts and constitutional violations. Dkt. No. 8. Because the "Amended Complaint" fails to establish a cause of action, the court DISMISSES the complaint without prejudice.  However, because the facts alleged suggest that plaintiff could possibly allege a First Amendment violation, the court gives plaintiff thirty days leave in which to amend.

## I. BACKGROUND

Joseph alleges seven causes of action: Libel, defamation, slander and trade libel (Count 1); violation of freedom of speech (Count 2); violation of freedom of the press (Count 3); violation of "first amendment of the constitution, religion" (Count 4); malice, oppression, fraud (Count 5); misrepresentation, deceit, interference, negligence, wrongful acts, fraud, false claim, defamation (Count 6); and personal and professional injury (Count 7).

These claims are based on Joseph's allegation that NASA has conspired with the press and various scientists to quash any discussion or investigation of the idea that life did not begin on Earth. NASA, according to Joseph, is driven to maintain the Judeo-Christian religious dogma that life began on Earth. Joseph believes that this conspiracy caused readership in his scientific journal, the Journal of Cosmology, to plummet, harmed his publishing business, and violated his First Amendment rights. Joseph also believes that NASA has doctored and hidden evidence that extraterrestrial life exists. *See* Amended Complaint ¶¶ 21, 25, 64, 65, 71, 72, 122, 125.

## II. ANALYSIS

Joseph alleges violations of three federal statutes: the False Claims Act, the Federal Tort Claims Act, and 42 U.S.C. § 1983. The court addresses each statute in turn.

### A. Federal Tort Claims Act

The Federal Tort Claims Act, 28 U.S.C. § 2674, includes express exemptions to liability, including claims arising out of "libel, slander, misrepresentation, [or] deceit . . . ." 28 U.S.C. § 2680(h); *see also Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (dismissing slander and libel claims against the government for lack of subject matter jurisdiction). Joseph's 1st, 5th, 6th, and 7th claims arise out of NASA's alleged dissemination of false material about the plaintiff and extraterrestrial life. The slander exception requires dismissal of all of these claims. *Id., citing Johnson v. United States*, 547 F.2d 688, 691 (D.C. Cir. 1976) ("[T]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states. And surely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized.")

1   and *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991) (dismissing a variety of claims arising

2   in defamation).

### B. False Claims Act

The False Claims Act, 31 U.S.C. §§ 3729-3733, also fails as a basis for jurisdiction. The False Claims Act permits "suits by private parties on behalf of the United States against anyone submitting a false claim to the government." *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009). Joseph has not alleged that anyone submitted false claims to the government. Instead, he alleges the opposite—that NASA has submitted false "claims" to the public by altering evidence showing the existence of extraterrestrial life. This sounds in misrepresentation, which is barred under the exemptions to the Federal Tort Claims Act as just explained.

### C. 42 U.S.C. §1983

Finally, Joseph alleges violation of various First Amendment rights through 42 U.S.C. § 1983 in his 2nd (speech), 3rd (press), and 4th (religion) claims.  However, § 1983 is not available to Joseph as the defendants are a federal employer and employee.  Joseph would have to assert a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The Supreme Court has questioned whether this can be done. *See Bush v. Lucas*, 462 U.S. 367 (1983) (holding against applying the *Bivens* model to claims of First Amendment violations by federal employers). Joseph may nevertheless be able to state a First Amendment chilling claim.  *See Martin v. Naval Criminal Investigative Service*, 539 Fed. Appx. 830 (9th Cir. 2013); *see also Moss v. U.S. Secret Service*, 675 F.3d 1213, 1223 (2012), *amended*, 711 F.3d 941 (9th Cir. 2013) and *cert. granted*, 134 S. Ct. 677 (2013).  Although Joseph's ability to assert a viable claim is doubtful, the court will grant him leave to attempt to do so.  Joseph must allege, among other things, that employees of NASA took actions that would have chilled or silenced a person of ordinary firmness from future First Amendment activities.  *See Sloman v. Turlock*, 21 F.3d 1462, 1469 (9th Cir. 1994).

Joseph's theory is that by criticizing and dismissing his Journal, NASA caused readership to plummet and drove authors away from publishing in his Journal. In its current form, the complaint fails to allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Joseph has not alleged a specific statement made by one of the named defendants. Instead, he alleges a general conspiracy by the defendants that caused some specific statements to be made by "the media" or in press releases. *See* Amended Complaint at ¶¶ 21, 25, 64, 65, 71, 72, 122, 125. Joseph also has not alleged that NASA or specific individual defendants were motived to chill or deter *plaintiff's* speech. Instead, Joseph appears to allege that NASA's statements affected other authors and readers who were driven away from his journal.

Joseph's complaint that NASA or specific defendants stated that his journal did not conduct peer reviews when it actually did may have merit. Because Joseph may be able to state a claim for a First Amendment violation, the court grants 30 days leave to amend. Joseph must serve his amended pleadings on defendants.

### III.  ORDER

Accordingly, the current Amended Complaint is dismissed without prejudice for failure to state claim. Joseph must file and serve his Second Amended Complaint by May 23, 2014.

Dated: April 23, 2014

/s/ Ronald M. Whyte
Ronald M. Whyte
United States District Judge

ORDER DISMISSING COMPLAINT
Case No. 14-CV-00385-RMW
LM
- 4 -