## United States District Court Northern District of California

Rhawn Joseph, Ph.D. pro se

408-286-9833                                           **Honorable Ronald M. Whyte, U.S. District Judge**

677 Elm St. San Jose, CA 95126                Case Number: CV 14-00385

RhawnJoseph@Gmail.com

-------------------------------------------------  }

| | | |
|---|---|---|
| Rhawn Joseph, Ph.D. | } | PLAINTIFF'S DECLARATION: OPPOSITION |
| Plaintiff | } | TO DISMISSAL FOR FAILURE TO ATTEND |
|  | } | AND SUBMIT CASE MANAGEMENT |
| v | } | CONFERENCE STATEMENT |
|  | } | PLAINTIFF BELIEVED CONFERENCE HAD |
| National Aeronautics and Space | } | BEEN VACATED AND WOULD BE |
| Administration (NASA), Charles F. | } | RESCHEDULED |
| Bolden NASA Chief Administrator, | } |  |
| NASA's Paul Hertz, David Morrison, | } | Hearing Date: August 22, 2014 |
| Rocco Mancinelli, John Callas, Steven | } | Time: 9:00 AM |
| Squyres, and Does 1-100, | } | Place: Courtroom 6 |
| Defendants | } |  |

### I. PLAINTIFF BELIEVED THE CASE CONFERENCE HAD BEEN VACATED

1. Plaintiff hereby declares that Plaintiff believed and was led to believe that when the Court dismissed portions of Plaintiff's amended complaint and ordered Plaintiff to file and serve a second amended complaint by May 23, 2014, that the Court's actions automatically vacated and postponed the case management conference scheduled for May 30, 2014, since the original petition and complaint were effectively dead in the water and also because Defendants' attorney had so far refused Court orders to meet and confer, claiming it was "premature" and would be dismissed. Plaintiff believed the Case Management Conference would be rescheduled after the second amended complaint was filed so as to give sufficient time for the "meet and confer" requirements of Rules 16 and 26(f). According to Rules 16 and 26(f), the primary purposes of a case management pretrial conference is expediting deposition of the action, narrowing the issues, discussing a discovery plan, discouraging wasteful activities,

Plaintiff's Declaration &                           1                          Rhawn Joseph, Ph.D., 408-286-9833
Opposition to Dismissal                                              677 Elm St., San Jose, CA 95126
                                                                                       DearDoctorJoseph@gmail.com

Case Number: CV 14-00385

discussions of settlement and mediation, and so on, all of which is to have taken place when Plaintiff and Defendants "meet and confer" at least 3 weeks before the scheduled hearing, and this had not happened as defendants had refused. Hence, it seemed logical to the Plaintiff that the May 30, 2014 conference had to have been vacated and would be rescheduled, otherwise Defendants would only have 7 days to review the second amended complaint and to confer with Plaintiff when the law states they must meet at least 21 days before the hearing; a discussion which had so far never taken place because Defendants' attorney was uncooperative and had stated this was a waste of his time and it would be dismissed. Thus, Plaintiff believed the dismissal of portions of the complaint and the Court's order to file an amended complaint automatically vacated the Case Management Conference which would be rescheduled.

2. It would make no sense for Plaintiff to labor for nearly 30 days on a 42 page second amended complaint, create two DVDS and 11 copies of each as Exhibits, and then not file a case management statement and not show up 7 days later for a Case Management Conference; nor would it make sense for Plaintiff to fail to take this opportunity to demand sanctions against Defendants' attorney James A. Scharf for violating the Court's order to confer about this case, unless Plaintiff believed and was led to believe that the conference would be and had been automatically vacated.

3. A major purpose of the Case Management Conference as detailed by Rules 16 and 26(f) includes a meet and confer requirement: "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held." However, in defiance of the law and the orders of the Court and at the risk of significant sanctions, Defendants' lead attorney, Mr. James Scharf, of the U.S. Dept. of Justice, refused to confer as he stated it was "premature" and unnecessary and a waste of his time; conduct which in-itself, negates the entire purpose of a Case Management Conference and which would lead one to conclude the May 30 Conference would not take place, for why would Defendants risk sanctions and willfully and knowingly violate the Court's orders?

4. Specifically, on April 10, 2014, pursuant to Court Orders, Plaintiff telephoned Defendants' attorney, Mr. James Scharf, of the U.S. Dept. of Justice, to arrange a telephone case management conference. Mr. Scharf immediately became verbally abusive and over emotional, and began angrily ridiculing and insulting the Plaintiff in a histrionic fashion. Scharf stated that Plaintiff's attempt to arrange a case management conference was "premature" and that the Court would dismiss and there would be no case conference, and that Plaintiff was "wasting" Scharf's "time," etc. and so on.

5. Following that conversation, Plaintiff sent, on April 10, 2014, the following email to James Scharf at this email address, James.Scharf@usdoj.gov:

| | | |
|---|---|---|
| Plaintiff's Declaration & Opposition to Dismissal | 2 | Rhawn Joseph, Ph.D., 408-286-9833<br>677 Elm St., San Jose, CA 95126<br>DearDoctorJoseph@gmail.com |

Telephone Conference 4/10/2014

Dear Mr. Scharf,

This is to confirm that I called you to inform your offices of my availability at any time of your convenience to discuss matters regarding Case Management.

This is also to confirm that you immediately became verbally abusive and began insulting me and continued your emotional tirade until I ended the conversation. Your childish, histrionic, unprofessional, emotionally out of control behavior is laughable and reflects badly on the U.S. Department of Justice.

6. Subsequently, the Court dismissed portions of Plaintiff's amended complaint, and Plaintiff was instructed by this Court to submit a second amended complaint which was filed on May 22, 2014.

7. In Summary: **A)** when the Court dismissed, and a second amended complaint was filed, Plaintiff believed the case management conferences set for May 30, had been automatically vacated and would be rescheduled, and because, also **B)** a meet and confer between Plaintiff and Defendant would have to take place at least 21 days before the hearing and **C)** no meet and confer had taken place because **D)** Defendants DOJ attorney was in all respects uncooperative, refused to discuss the case and stated the case would be dismissed and there was not going to be a Case Management Conference and claimed that Plaintiff's attempt to schedule a conference was "premature." **D)** Plaintiff was in fact shocked to learn that the Case Conference was not vacated and took place despite the issues in B-D

8. Plaintiff prays for the Court's pardon for not attending a case conference Plaintiff believed had been vacated and which would be rescheduled. Plaintiff's prays the Court will allow this case to proceed in the interests of justice, due process, and the economy of all concerned.

## II. CASE MANAGEMENT STATEMENT: DEFENDANTS ATTORNEY WAS UNCOOPERATIVE

9. Plaintiff did not believe he was required to file a case management statement by May 30, 2014, for the reasons stated above; i.e. **A)** Plaintiff believed the conference had been vacated and would be rescheduled and thus a case conference statement would not be due until some future date and **B)** there was absolutely no progress and nothing to report other than the grossly unprofessional and uncooperative conduct of Mr. Scharf who refused to confer with Plaintiff; conduct which should warrant sanctions against Mr. Scharf since the Case Management Conference actually did take place despite Scharf's refusal to cooperate and his false claim that a meet and confer would be "premature."

### III. CONCLUSIONS AND RECOMMENDATIONS

10. Plaintiff has consistently acted in good faith and will refile this case if dismissed, rendering "dismissal" a waste of the Court's valuable time and which would serve no purpose other than delaying and preventing a speedy resolution of the issues. However, if the Court feels some punitive action should be taken, Plaintiff offers the following possible alternatives based on the following:

11. Plaintiff had good reason to honestly believe the Case Management Conference had been vacated and has so far acted in complete accordance with Court's orders and orders to appear. By contrast Defendants' attorney, Mr. Scharf, willfully, knowingly, and purposefully violated the Court's orders to "meet and confer" and has behaved in an insulting, uncooperative fashion and who sought to convince Plaintiff that no hearing would be held. A) Therefore, it could be argued that Scharf's uncooperative, vile conduct and open defiance of Court orders balances out and is partly responsible for Plaintiff's failure to attend a Conference he honestly believed had been vacated and his failure to submit a case management statement before March 30, 2014; and thus that both were equally remiss, and no dismissal is warranted; or B) in lieu of dismissal that Plaintiff and Mr. Scharf should both be subject to sanctions.

12. This case and the issues before the Court are so important that if allowed to proceed it has the potential to become, at least in the realm of science, the trial of the century as it will resolve and answer primordial questions humans have been asking for thousands of years. This case and its implications are too important to dismiss simply because Plaintiff believed and was led to believe by the Department of Justice that dismissal would vacate the case management conference.

DATED: June 5, 2014

Respectfully submitted

By: _____

Rhawn Joseph, Ph.D. / pro per

PLAINTIFF'S PERSONAL DECLARATION

Plaintiff Rhawn Joseph does hereby declare that Plaintiff's statements herein, were made on personal knowledge and belief and on admissible facts and information obtained by this Plaintiff and/or available in the public record. I swear by penalty of perjury, by the laws of California and the United States government that the above is true and correct to the best of my knowledge and belief.

DATED: June 5, 2014

By: _____

Rhawn Joseph, Ph.D. / pro per

Plaintiff's Declaration & Opposition to Dismissal    4    Rhawn Joseph, Ph.D., 408-286-9833
677 Elm St., San Jose, CA  95126
DearDoctorJoseph@gmail.com

Case Number: CV 14-00385

## Certificate of Service

I, the undersigned, am over the age of eighteen years and not a party to this case. I HEREBY CERTIFY that on this June 9, 2014, a true and correct copy of Plaintiff Rhawn Joseph's Declaration and Case Management Statement were placed in an envelope and mailed, postage prepaid, to:

James A. Scharf,
Assistant United States Attorney
United States Attorneys Office
150 Almaden Blvd, Suite 900
San Jose, CA 95113

_____
Hong Ha Nguyen

Plaintiff's Declaration &     5     Rhawn Joseph, Ph.D., 408-286-9833
Opposition to Dismissal     677 Elm St., San Jose, CA 95126
DearDoctorJoseph@gmail.com